UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BARBARA ANN OSMOND,

        Plaintiff,                      Civil Action No. 11-cv-12912

       v.                            District Judge John Corbett O'Meara
                                              Magistrate Judge Laurie J. Michelson

COMMISSIONER OF
SOCIAL SECURITY,

        Defendant.
_____/

**REPORT AND RECOMMENDATION
ON CROSS-MOTIONS FOR SUMMARY JUDGMENT [8,11]**

Plaintiff Barbara Ann Osmond brings this action pursuant to 42 U.S.C. § 405(g) challenging the final decision of Defendant Commissioner of Social Security ("Commissioner") denying her application for Social Security Income ("SSI") and Disability Insurance Benefits ("DIB") under the Social Security Act. Both parties filed summary judgment motions (Dkts. 8, 11), which are presently before this Court for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) (Dkt. 3).

**I. RECOMMENDATION**

For the reasons set forth below, this Court finds that the Administrative Law Judge's decision is supported by substantial evidence and complies with the applicable rules and regulations. Accordingly, this Court RECOMMENDS that Plaintiff's Motion for Summary Judgment be DENIED, that Defendant's Motion for Summary Judgment be GRANTED, and that, pursuant to 42 U.S.C. § 405(g), the decision of the Commissioner be AFFIRMED.

## II. REPORT

### A. Procedural History

On February 14, 2007, Plaintiff filed an application for SSI and DIB asserting that she became unable to work on February 28, 2005. (Tr. 98-109.) The Commissioner initially denied Plaintiff's disability application on April 5, 2007. (Tr. 49-50.) Plaintiff then filed a request for a hearing, and on July 24, 2009, she appeared with counsel before Administrative Law Judge ("ALJ") John Murdock, who considered the case *de novo*. (Tr. 30-48.) In a September 23, 2009 decision, ALJ Murdock found that Plaintiff was not disabled. (Tr. 16-25.) His decision became the final decision of the Commissioner on April 29, 2011, when the Appeals Council denied Plaintiff's request for review. (Tr. 2.) Plaintiff filed this suit on July 5, 2011. (Dkt. 1.)

### B. Background

Plaintiff was 43 years old on the alleged disability onset date. (Tr. 34.) She has a high school diploma, and previously worked as a housekeeper, merchandising manager, and loss prevention agent. (Tr. 35, 37, 42-43.)

The legal arguments in this social security appeal are a bit atypical. Plaintiff does not assert that the ALJ evaluated the medical evidence incorrectly. Instead, despite not disputing the ALJ's conclusion that she can perform light work, Plaintiff asserts that the ALJ erred in finding that Plaintiff could perform her past relevant work. (Dkt. 8, Pl's Mot. Summ J., at 6-10.) Plaintiff also asserts the ALJ erred in assessing her credibility. (*Id.*) For this reason, the Court forgoes a summary of the medical evidence; instead, the Court will simply summarize the hearing testimony of Plaintiff and the Vocational Expert.

*1. Plaintiff's Testimony at the Hearing Before the ALJ*

Plaintiff testified very briefly at the hearing regarding her degenerative disc disease and hand impairment. (Tr. 35, 37-38.) She testified that she did not have full strength in her right hand, but did not have as much pain as prior to her hand surgery to remove an osteochondroma[1] on October 30, 2007. (Tr. 23, 38.) The surgery also mostly resolved the concomitant "nerve entrapment" at her elbow. (*Id.*)

*2. Vocational Expert Testimony*

Vocational Expert ("VE") Stephanie Leach testified at the hearing. (Tr. 45-48.) The ALJ first asked the VE to "identify the work performed by the claimant over the past 15 years." (Tr. 46.) The VE testified that Plaintiff performed work as a housekeeper at the medium exertional level. (*Id.*) She further testified that the housekeeper position, as defined under Dictionary of Occupational Titles ("DOT") 323.687-014, is performed at the light exertional level generally. (*Id.*) She also testified that Plaintiff worked as a merchandising manager at a medium exertional level. (*Id.*) But, the VE stated that the merchandising manager position, as defined under DOT 185.167-034, is generally performed at the sedentary exertional level. (*Id.*) Last, she testified that Plaintiff performed work as a loss prevention agent. (*Id.*) This is light work both as performed by Plaintiff and as defined in DOT 372.667-038. (*Id.*)

**C. Framework for Disability Determinations**

Under the Social Security Act (the "Act"), Disability Insurance Benefits (for qualifying wage earners who become disabled prior to expiration of their insured status) are available only for those

---

[1] An osteocondroma is a benign tumor made up of cartilage and bone. *See* Johns Hopkins Medicine, Orthopaedic Surgery, http://www.hopkinsortho.org/osteochondroma.html (last visited June 21, 2012).

3

who have a "disability." *See Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007). The Act defines "disability," in relevant part, as the

> inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.

42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A) (DIB); 20 C.F.R. § 416.905(a) (SSI).

The Commissioner's regulations provide that disability is to be determined through the application of a five-step sequential analysis:

Step One: If the claimant is currently engaged in substantial gainful activity, benefits are denied without further analysis.

Step Two: If the claimant does not have a severe impairment or combination of impairments that "significantly limits . . . physical or mental ability to do basic work activities," benefits are denied without further analysis.

Step Three: If the claimant is not performing substantial gainful activity, has a severe impairment that is expected to last for at least twelve months, and the severe impairment meets or equals one of the impairments listed in the regulations, the claimant is conclusively presumed to be disabled regardless of age, education, or work experience.

Step Four: If the claimant is able to perform his or her past relevant work, benefits are denied without further analysis.

Step Five: Even if the claimant is unable to perform his or her past relevant work, if other work exists in the national economy that plaintiff can perform, in view of his or her age, education, and work experience, benefits are denied.

*See* 20 C.F.R. §§ 404.1520, 416.920; *see also Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 534 (6th Cir. 2001). "The burden of proof is on the claimant throughout the first four steps . . . . If the analysis reaches the fifth step without a finding that the claimant is not disabled, the burden transfers to the [defendant]." *Preslar v. Sec'y of Health and Human Servs.*, 14 F.3d 1107, 1110 (6th Cir. 1994).

**D. The Administrative Law Judge's Findings**

At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since February 28, 2005. (Tr. 21.) At step two, the ALJ found that Plaintiff had the following severe impairments: "status-post right hand osteochrondroma excision; mild degenerative disc disease." (Tr. 21.) Next, the ALJ concluded that none of these impairments, alone or in combination, met or medically equaled a listed impairment. (Tr. 22.) Between steps three and four, the ALJ determined that Plaintiff had "the residual functional capacity to perform light work." (Tr. 22.) At step four, the ALJ found that Plaintiff could perform her past relevant work as a housekeeper, merchandising manager and loss prevention agent, as defined by the DOT. (Tr. 24.)

**E. Standard of Review**

This Court has jurisdiction to review the Commissioner's final administrative decision pursuant to 42 U.S.C. § 405(g). Judicial review under this statute is limited in that the Court "must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standard or has made findings of fact unsupported by substantial evidence in the record." *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005) (internal quotation marks omitted); *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647 (6th Cir. 2009) ("[I]f an agency has failed to adhere to its own procedures, we will not remand for further administrative proceedings unless the claimant has been prejudiced on the merits or deprived of substantial rights because of the agency's procedural lapses." (internal quotation marks omitted)). Substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007) (internal quotation marks omitted); *see also*

*Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994) (internal citations omitted) (explaining that if the Commissioner's decision is supported by substantial evidence, "it must be affirmed even if the reviewing court would decide the matter differently and even if substantial evidence also supports the opposite conclusion."); *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (en banc) (noting that the substantial evidence standard "presupposes . . . a zone of choice within which the decisionmakers can go either way, without interference by the courts" (internal quotation marks omitted)).

When reviewing the Commissioner's factual findings for substantial evidence, this Court is limited to an examination of the record and must consider that record as a whole. *Bass*, 499 F.3d at 512-13; *Wyatt v. Sec'y of Health & Human Servs.*, 974 F.2d 680, 683 (6th Cir. 1992). The Court "may look to any evidence in the record, regardless of whether it has been cited by the Appeals Council." *Heston*, 245 F.3d at 535. There is no requirement, however, that either the ALJ or this Court discuss every piece of evidence in the administrative record. *Kornecky v. Comm'r of Soc. Sec.*, 167 F. App'x 496, 508 (6th Cir. 2006) ("[A]n ALJ can consider all the evidence without directly addressing in his written decision every piece of evidence submitted by a party." (internal quotation marks omitted)). Further, this Court does "not try the case de novo, resolve conflicts in evidence, or decide questions of credibility." *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007); *Rogers*, 486 F.3d at 247 ("It is of course for the ALJ, and not the reviewing court, to evaluate the credibility of witnesses, including that of the claimant.").

**F. Analysis**

As stated above, Plaintiff presents two claims of error on appeal: 1) The ALJ erred at step four in determining that Plaintiff could return to her past relevant work; and 2) The ALJ did not

properly assess Plaintiff's credibility. (Dkt. 8, Pl.'s Mot. Summ. J. at 6-10.) The Commissioner counters that the ALJ properly used the DOT to determine that Plaintiff could return to work. (Dkt. 11, Def.'s Mot. Summ. J. at 3-5.) The Commissioner also points out that Plaintiff incorrectly relies on post-hearing evidence to support her credibility argument. (*Id.* at 5-6.)

### 1. *The ALJ Did Not Err at Step Four*

At step four of the five-step framework, if the claimant is able to perform her past relevant work, benefits are denied without further analysis. *See* 20 C.F.R. §§ 404.1520, 416.920; *see also Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 534 (6th Cir. 2001). As Defendant points out, the ALJ may deny benefits at step four based on the Plaintiff's ability to perform her past relevant work as she *actually performed it or as it is generally performed* in the national economy. 20 C.F.R. § 404.1560(b); *Studaway v. Sec'y of Health & Human Servs.*, 815 F.2d 1074, 1076 (6th Cir. 1987).

In this case, the ALJ determined that Plaintiff could perform light work. (Tr. 22.) Plaintiff does not dispute this finding. (Dkt. 8, Pl.'s Mot. Summ. J. at 6-7.) The ALJ also found, relying on the DOT and the VE's testimony, that Plaintiff's past relevant work were all generally classified at the sedentary or light exertional level. (Tr. 25.) Plaintiff seems to dispute this finding by stating that the "VE testified that these jobs were medium and light." (*Id.* at 7.) However, a close reading of the transcript reveals that the VE testified that Plaintiff actually performed two of the jobs at the medium level and the remaining job at the light level, but the DOT classified these jobs at the light or sedentary level. (Tr. 46-47.) Just because Plaintiff actually performed most of her work at the medium exertion level, does not mean she cannot return to the same general work at a light and/or sedentary exertional level. *See* 20 C.F.R. § 404.1560(b). As such, the ALJ's decision at step four is supported by substantial evidence.

### *2. The ALJ Gave Good Reasons for His Credibility Assessment*

Next, Plaintiff claims that the ALJ erred in discounting her testimony regarding her pain. (Dkt. 8, Pl.'s Mot. Summ. J. at 7-10.)  In support of this argument, Plaintiff cites medical evidence from 2010 that was not before the ALJ at the time of his decision on September 23, 2009.  (*Id.*)

A court is to accord an "ALJ's determinations of credibility great weight and deference particularly since the ALJ has the opportunity, which [a court does] not, of observing a witness's demeanor while testifying." *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 476 (6th Cir. 2003). However, an ALJ must not reject a claimant's "statements about the intensity and persistence of [her] pain or other symptoms or about the effect [her] symptoms have on [her] ability to work solely because the available objective medical evidence does not substantiate [the claimant's] statements." 20 C.F.R. § 404.1529(c)(2); *see also* S.S.R. 96-7p, 1996 WL 374186.  In fact, the regulations provide a non-exhaustive list of other considerations that should inform an ALJ's credibility assessment: (1) the claimant's daily activities; (2) the location, duration, frequency, and intensity of the claimant's pain or other symptoms; (3) precipitating and aggravating factors; (4) the type, dosage, effectiveness, and side effects of any medication the claimant takes to alleviate pain or other symptoms; (5) treatment, other than medication, the claimant received for relief of pain or other symptoms; (6) any measures the claimant used to relieve pain or other symptoms; and (7) other factors concerning functional limitations and restrictions due to pain or other symptoms. 20 C.F.R. § 404.1529(c)(3).  Although an ALJ need not explicitly discuss every factor, *Cross v. Comm'r of Soc. Sec.*, 373 F. Supp. 2d 724, 733 (N.D. Ohio 2005), an ALJ's "decision must contain specific reasons for the finding on credibility, supported by the evidence in the case record, and must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the

adjudicator gave to the individual's statements and the reasons for that weight." S.S.R. 96-7p, 1996 WL 374186 at *2.

As an initial matter, as the Defendant points out, this Court may not consider records cited for the first time on appeal in support of Plaintiff's credibility argument. *Foster v. Halter*, 279 F.3d 348, 357 (6th Cir. 2001.)

Second, the ALJ gave very specific reasons for discounting Plaintiff's testimony. (Tr. 17-18.) First, the ALJ noted Plaintiff's activities of daily living, which included "the ability to care for her two children at home, cook, clean the house, and do laundry." (Tr. 22.) This finding is supported by substantial evidence. (Tr. 161-67.) Second, the ALJ noted that Plaintiff did not keep four scheduled appointments with her treating physician regarding her hand; thereby forgoing treatment for her allegedly debilitating, decreased grip strength. (Tr. 23.) This is also supported by substantial evidence. (Tr. 327.) These two reasons for discounting Plaintiff's credibility are among the non-exhaustive list of factors delineated by 20 C.F.R. § 404.1529(c)(3). As such, the ALJ gave good reasons for his credibility assessment.

### G. Conclusion

For the reasons set forth above, this Court finds that the Administrative Law Judge's decision is supported by substantial evidence and complies with the applicable rules and regulations. Accordingly, this Court RECOMMENDS that Plaintiff's Motion for Summary Judgment be DENIED, that Defendant's Motion for Summary Judgment be GRANTED, and that, pursuant to 42 U.S.C. § 405(g), the decision of the Commissioner be AFFIRMED.

**III. FILING OBJECTIONS**

The parties to this action may object to and seek review of this Report and Recommendation within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596 (6th Cir. 2006); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *McClanahan v. Comm'r Soc. Sec.*, 474 F.3d 830 (6th Cir. 2006) (internal quotation marks omitted); *Frontier*, 454 F.3d at 596-97. Objections are to be filed through the Case Management/Electronic Case Filing (CM/ECF) system or, if an appropriate exception applies, through the Clerk's Office. *See* E.D. Mich. LR 5.1. A copy of any objections is to be served upon this magistrate judge but this does not constitute filing. *See* E.D. Mich. LR 72.1(d)(2). Once an objection is filed, a response is due within fourteen (14) days of service, and a reply brief may be filed within seven (7) days of service of the response. E.D. Mich. LR 72.1(d)(3), (4).

                S/Laurie J. Michelson
                Laurie J. Michelson
                United States Magistrate Judge

Dated: June 27, 2012

---

**PROOF OF SERVICE**

The undersigned certifies that the foregoing document was served upon the parties and/or counsel of record via the Court's ECF System and/or U. S. Mail on June 27, 2012.

                s/Jane Johnson
                Case Manager to
                Magistrate Judge Laurie J. Michelson